| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

ELGERINE MONIQUE RIDDERHEIM,  )
            )
  Plaintiff,  )
            )
  v.         )
            )
PARKVIEW HEALTH SYSTEM, INC.,   )
            )
  Defendant.  )

## COMPLAINT

COMES NOW Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Elgerene Ridderheim, a qualified black/African-American employee of the Defendant's at all material times to this Complaint.

2. The Defendant is Parkview Health System, Inc., d/b/a Parkview Hospital Inc., a/k/a Parkview Regional Medical Center ("PVMC"), a company doing business at 11109 Parkview Plaza Drive, Fort Wayne Indiana 46845. The Defendant's registered agent is David Storey, at 10501 Corporate Drive, Fort Wayne Indiana 46845. At all material times to this Complaint, the Defendant was an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

3. The Plaintiff filed a Charge of Discrimination on November 29, 2018, EEOC No. 24D-2019-00062/FEPA No. EO-0040-A19, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit A. The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on July 23, 2020, a copy of which is attached hereto and made a part hereof as Exhibit B. All administrative remedies have been

exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. The Plaintiff was employed by the Defendant from 2006, until her wrongful termination in approximately November 2018. She performed within the reasonable expectation of the employer at all material times to this Complaint. The Plaintiff worked for the Defendant as a Registered Nurse from 2011 to on or about August 12, 2018, then as a Family Nurse Practitioner under an employment contract, from August 13, 2018 until her the separation from employment.

5. By way of background: In 2013, the Plaintiff reported discriminatory and harassing behavior by her senior manager, who was a chief nursing officer at the time. At the time, the Plaintiff was subjected to repeated racial slurs such as being called "N-gger", a "black dumb ass", and by being told by the lead nurse was going to get the Plaintiff's "black ass out of here". The Plaintiff reported the discriminatory and harassing conduct to the Defendant, and informed the Defendant the Plaintiff would take her concerns to the EEOC. The senior manager in question was then demoted, and the Plaintiff no longer had to constantly work directly under her.

7. In 2017, the Plaintiff reasonably believed she was being singled out for workplace mistreatment because of her race and/or in retaliation for her 2013 complaint against her former senior manager. She was still periodically assigned to two work areas in the hospital where the former senior manager had continued involvement. While the Plaintiff worked on those units, the medical technicians and the nursing supervisor on those units, who were friends with the former senior manager, would not talk to the Plaintiff nor assist her with tasks, although they provided assistance to other the other nurses. Consequently, the Plaintiff informed her office manager she believed she was still being

discriminated against.

8. On abut August 13, 2018, the Plaintiff entered into an employment contract with the Defendant. The Defendant had led the Plaintiff to believe that she would be working primarily in an outpatient setting, which if true would not have typically required the Plaintiff to work over 45 hours per week, or 12-hour shifts. The new position began in September 2018, and was a full-time position.

9. Upon starting her new position, the Plaintiff discovered that she was the only black/ African-American nurse practitioner in her work area.

10. She also soon discovered that she was started at a lower rate of pay than similarly situated Nurse Practitioners who were outside of her race, and/or who had never complained of race discrimination or racial harassment. The Plaintiff was paid on a 40-hour salary tier, whereas the non- black/non-African American nurse practitioners were paid on an hourly tier, which provided them an overall increased amount of pay that what the Plaintiff was given for doing the same or more work.

11. In September 2018, the Plaintiff protested the unequal pay. She also informed the Defendant that she was being discriminated against because of her race.

12. In the nurse practitioner position, the Plaintiff was also treated less favorably and more harshly than similarly situated nurse practitioners outside of her race, and those who had not complained of racial discrimination, harassment and/ or unlawful retaliation. For example:

a. The Plaintiff received very little training for her new position, and she was not given an orientation packet when she started as a Family Nurse Practitioner. She requested additional training, to no avail. Meanwhile, by information and belief, the similarly situated nurse practitioners received substantially more training for their positions, and orientation packets to assist them;

    b.    The Plaintiff was assigned the heavier workloads, often with some of the highest risk patients who were the most labor-intensive patients, unlike the similarly situated nurse practitioners, who were usually assigned to work with the less labor-intensive patients;

    c.    Unlike the Plaintiff, the similarly situated nurse practitioners were also assigned to work areas and patients that fell within their specialties, and were assigned jobs within their job descriptions, while the Plaintiff was frequently assigned to areas and patients outside of her specialty, and duties that were outside of her job description;

    d.    The Plaintiff was made to work 5 days per week, and on multiple occasions, assigned to work 12 hours or more in a shift, which was unlike the similarly situated nurse practitioners who were permitted to work only 4 days per week and/or did not have to work 12-hour shifts.

13. While in the nurse practitioner position, the Plaintiff was furthermore subjected to racially offensive comments by one of her superiors. The Plaintiff was told "we don't normally have to work with blacks", "we don't usually have black NP's", and "it used to be [that] the whites kept to themselves and the blacks kept to themselves. You would do better in family practice than with *us*. This job isn't for people like *you*" (that is, a black employee).

14. In October 2018, Plaintiff reported to the Defendant that she was being retaliated against by the Defendant for her prior protests against discrimination and/or harassment.

15. Plaintiff's supervisor met multiple times with the Plaintiff leading up to her separation from employment, and eventually claimed there were multiple complaints that the Plaintiff was "incompetent". The alleged complaints, if they even existed, were false, harassing, and unjustified. The Plaintiff furthermore contends the Defendant knew that the Plaintiff's performance was and continued to be within the employer's reasonable expectations.

16. In November 2018, the Defendant told the Plaintiff she would be discharged from her employment, regardless of what the Plaintiff did, and it ended the Complainant's

employment, although the Plaintiff had not breached her employment contract.

17. The Plaintiff contends that Defendant did not end the employment contracts it had with similarly situated non-black/non-African American nurse practitioner's or those that had not complained of unlawful discrimination, harassment and/or retaliation.

18. The Plaintiff contends that she was discriminated against, harassed, and/or retaliated against by the Defendant on the basis of her color/race (black/African-American) and/or for objecting to unlawful discriminatory, harassing and/or retaliatory conduct.

19. The complained of conduct of the Defendant was the direct and proximate cause of the Plaintiff suffering the wrongful loss her job and job-related benefits including income, and subjected the Plaintiff also to inconvenience, mental anguish, emotional distress and other damages and injuries, in violation of the Plaintiff's federally protected rights under Title VII and § 1981.

20. The complained of unlawful, discriminatory, harassing and/or retaliatory conduct of the Defendant was intentional, knowing, willful, wanton and in reckless disregard of the Plaintiff's federally protected rights under Title VII and § 1981.

WHEREFORE, Plaintiff, by counsel respectfully requests judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney fees and costs and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

## VERIFICATION

I affirm under penalties for perjury that the above and foregoing representations are true and accurate and based upon my personal knowledge.

\_10·15·2020\_  
Dated

\_\_\_*E. Monique Ridderheim*\_\_\_  
E. Monique Ridderheim

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

\_\_\_*/s/ Christopher C. Myers*\_\_\_
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
Counsel for Plaintiff

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | EO-0040-A19 24D-2019-00062 |

City of Fort Wayne Metro Human Relations Commission and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Elgerene M. Ridderheim | (260) 619-3168 | |

Street Address: 2719 Misty Oaks Trail, Fort Wayne, IN 46845

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| PARKVIEW REGIONAL MEDICAL CENTER | Unknown | |

Street Address: 11109 Parkview Plaza Dr, Fort Wayne, IN 46845

DISCRIMINATION BASED ON (Check appropriate box(es).)
[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-19-2018  Latest: 11-14-2018
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified black individual who was employed by Parkview Regional Medical Center ("PRMC"). In 2013, I reported discriminatory behavior by a senior manager. In September 2018, I began a new position where I worked closely with associates of that manager. Upon starting this role, I noticed that I was the only black employee amongst my peer group. I was paid the least of all my peers by a significant margin, yet assigned the heaviest workload. On multiple occasions, I worked twelve (12) or more hours, even though my contract stated I would work eight (8) hours per day. My assignments were not in line with the job description. I received very little training, even after I requested it. Nonetheless, I remained engaged and asked for guidance on how to be more successful in my role. In November 2018, I was told that my employment was in jeopardy and I would ultimately be terminated no matter how much I improved. With that in mind, I felt that I had no choice but to accept a severance package and resign my employment.

For these reasons, I believe I have been discriminated against on the basis of my race, harassed in retaliation, constructively discharged, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended and Fort Wayne Ordinance G-21-78, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Nov 29, 2018 — E. Ridderheim
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

E. Ridderheim

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Ex. A

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Elgerene M. Ridderheim<br>2719 Misty Oaks Trail<br>Fort Wayne, IN 46845 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is*
        *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24D-2019-00062 | Jeremy A. Sells,<br>State & Local Coordinator | (463) 999-1161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele* (signature)

_____     July 23, 2020
Enclosures(s)                      **Michelle Eisele,**            *(Date Mailed)*
                              **District Director**

cc:    **Marie M. Kolp**                                       **Christopher C. Myers**
     **Corporate Legal Counsel**                        **CHRISTOPHER C. MYERS & ASSOCIATES**
     **PARKVIEW HEALTH SYSTEM, INC**       **809 South Calhoun Street, Suite 400**
     **10501 Corporate Drive**                             **Fort Wayne, IN 46802**
     **Fort Wayne, IN 46845**

Ex. B

STATE OF INDIANA ) IN THE ALLEN SUPERIOR COURT
) Civil Division - Courthouse
COUNTY OF ALLEN ) 715 South Calhoun Street, Room 201
Fort Wayne, IN 46802
Telephone: (260) 449-3491

ELGERINE MONIQUE RIDDERHEIM
    Plaintiff

Case Number: _____

VS

# SUMMONS

PARKVIEW HEALTH SYSTEM, INC.
    Defendant

TO: David Storey, Registered Agent
Parkview Health System, Inc.
10501 Corporate Drive
Fort Wayne, IN 46845

You have been sued by the person(s) named above. The claim made against you is attached to this summons; please examine all pages carefully. The "X" marked below indicates the time limit you have to **FILE YOUR ANSWER**.

__XX__ Certified Mail     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

_____ Personal Service     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the office of the **Clerk of the Allen Superior Court, Room 201, Allen County Courthouse, Fort Wayne, Indiana, 46802**. The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove you filed the answer. If you wish to file a claim against another party associated with this case, you must state it in your written answer.

If you are required to appear, the date, time and location will be shown on an attached Notice of Hearing form. **IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.**

Dated: __10/15/2020__

_Christopher M. Nancarrow_ BB
**CHRISTOPHER M. NANCARROW**
CLERK OF THE ALLEN CIRCUIT AND SUPERIOR COURTS

Christopher C. Myers (PLAINTIFF)
Attorney / Party Preparing Summons (Party Represented)

(Seal)

809 South Calhoun Street, Suite 400
Street Address

Fort Wayne, IN 46802
City, State, Zip Code

(260) 424-0600     10043-02
Telephone Number     Attorney Number

**MANNER OF SERVICE**
(To be completed by Party Preparing Summons)

**SHERIFF** shall serve this Summons as follows:
_____ personal service
_____ leaving a copy at dwelling or place of employment

**OTHER** manner of service:
__X__ attorney to serve
_____ private process server, _____
_____ other (describe in particular and note Trial Rule)

**CLERK** shall serve this Summons as follows:
_____ regular mail
_____ certified mail
_____ publication

08/2000     sum (CLK 298,fb)

**CERTIFIED MAIL**

I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person(s) at the address(es) furnished, by registered/certified mail at Fort Wayne, Indiana, return receipt requested.

I hereby certify that service by registered/certified mail at Fort Wayne, Indiana, was attempted as required by law to the person and address stated on the return receipt attached; and that service ☐ was ☐ was not made, according to the information contained therein.

Date Issued: _____

Date Issued: _____

_____
Clerk of the Allen Circuit and Superior Courts

_____
Clerk of the Allen Circuit and Superior Courts

**ADMISSION OF SERVICE**

I received a copy of this Summons on this date _____ and at this location: _____

_____
Signature of Party

_____
Relationship (if not within named person)

**RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER**
Enter the alphabetical letter in the space provided to indicate the type of service.

**I served a copy of this Summons as specified:**    (_____)

    READING / delivering a copy (A) to the within named party;

    LEAVING A COPY for the within named party
        (B) with the spouse, named:
        (C) with a relative, named:
        (D) at the residence, located at:
        (E) with the employer, named: _____
        (E) with a secretary, named:
        (F) with the attorney, named:
        (H) with this person (other-specify):

Specify name of person, work supervisor, place of business, or location where copy was left.

_____

**and (if applicable) by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:**

_____
Last known address of person named in the document (or Change of Address)

**I did not serve a copy of this Summons because:** (_____)

(I) The party was NOT FOUND / NO SUCH ADDRESS.
(J) the document EXPIRED.
(K) the party AVOIDED service.
(L) the party REFUSED service.
(M) the party was NO LONGER EMPLOYED at the address.
(N) the document was RETURNED by the authority of the Plaintiff.
(O) the party is DECEASED.
(P) the party was UNKNOWN AT THAT ADDRESS.
(Q) the party was on SICK LEAVE / LAY OFF.

(R) the party was on VACATION.
(S) the party was NOT FOUND / VACANT.
(T) the party was NOT FOUND / MOVED.
(U) the party was NOT FOUND IN THIS BAILIWICK.
(V) INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN.
(W) they are NO LONGER IN BUSINESS.
(X) several attempts were made / UNABLE TO SERVE.
(Y) of the following reason (OTHER-specify):

_____

**I AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.**

_____    _____    _____
Date Served / Attempted     Time Served / Attempted     Signature of Sheriff of Allen County, Indiana (or other officer)

                                                        By: _____
(Printed Name of Process Server)                         Signature of Process Server

| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

ELGERINE MONIQUE RIDDERHEIM, )
                                                    )
           Plaintiff,                   )
                                                    )
v.                                                  )
                                                   )
PARKVIEW HEALTH SYSTEM, INC.,   )
                                                    )
           Defendant.               )

## APPEARANCE IN A CIVIL CASE

**Party Classification:**       Initiating __X__     Responding _____     Intervening _____

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): <u>Plaintiff, Elgerine Monique Ridderheim.</u>

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

    **CHRISTOPHER C. MYERS & ASSOCIATES**
    Name: <u>  Christopher C. Myers  </u>    Attorney Number: <u>  10043-02  </u>
    Name: <u>  Ilene M. Smith  </u>          Attorney Number: <u>  22818-02  </u>
    Address: <u> 809 S. Calhoun Street, Suite 400 </u>  Phone: <u>  (260) 424-0600  </u>
    <u>        Fort Wayne, IN  46802      </u>  FAX: <u>  (260) 424-0712  </u>
    E-Mail Address:  cmyers@myers-law.com; ismith@myers-law.com

3. There are other party members: Yes _____ No __X__

4. *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): _____

5. I will accept service by FAX at the above noted number: Yes __X__     No _____

6. There are related cases  Yes _____    No __X__  *(if yes, list on continuation page)*

7. This has been served on all other parties.  Certificate of Service is attached: Yes _____ No __X__

8. Additional information required by local rule: _____

/s/ Christopher C. Myers

/s/ Ilene M. Smith

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Elgerine Monique Ridderheim v. Parkview Health System Inc

| | |
|---|---|
| Case Number | 02D02-2010-CT-000505 |
| Court | Allen Superior Court 2 |
| Type | CT - Civil Tort |
| Filed | 10/15/2020 |
| Status | 10/15/2020 , Pending (active) |

### Parties to the Case

**Defendant** Parkview Health System Inc

Address
11109 Parkview Plaza Drive
Fort Wayne, IN 46845

**Plaintiff** Ridderheim, Elgerine Monique

Attorney
Christopher Carson Myers
*#1004302, Lead, Retained*

809 South Calhoun Street
Suite 400
Fort Wayne, IN 46802-0000
260-424-0600(W)

Attorney
Ilene Marie Smith
*#2281802, Retained*

809 S Calhoun ST
STE 400
Fort Wayne, IN 46802
260-424-0600(W)

### Chronological Case Summary

**10/15/2020** **Cause Of Actions**
Complaint
Action Type
Claim

**10/15/2020** **Case Opened as a New Filing**

**10/15/2020** **Complaint/Equivalent Pleading Filed**
Complaint

| | |
|---|---|
| Filed By: | Ridderheim, Elgerine Monique |
| File Stamp: | 10/15/2020 |

**10/15/2020** **Appearance Filed**
Appearance

| | |
|---|---|
| For Party: | Ridderheim, Elgerine Monique |
| File Stamp: | 10/15/2020 |

**10/15/2020** **Subpoena/Summons Filed**
Summons

| | |
|---|---|
| Filed By: | Ridderheim, Elgerine Monique |
| File Stamp: | 10/15/2020 |

**10/20/2020** **Order Issued**
Order Setting Case Management Conference

| | |
|---|---|
| Judicial Officer: | Bobay, Craig J |
| Order Signed: | 10/20/2020 |

**10/20/2020** **Hearing Scheduling Activity**
Initial Hearing scheduled for 12/21/2020 at 9:00 AM.

Summary - MyCase  
https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc...  
USDC IN/ND case 1:20-cv-00421 document 1-2 filed 11/20/20 page 13 of 16

| 10/21/2020 | Automated Paper Notice Issued to Parties |
|---|---|
| | Order Issued ---- 10/20/2020 : Parkview Health System Inc Hearing Scheduling Activity ---- 10/20/2020 : Parkview Health System Inc |
| 10/21/2020 | Automated ENotice Issued to Parties |
| | Order Issued ---- 10/20/2020 : Christopher Carson Myers;Ilene Marie Smith Hearing Scheduling Activity ---- 10/20/2020 : Christopher Carson Myers;Ilene Marie Smith |
| 12/21/2020 | Initial Hearing |
| | Session: |
| | 12/21/2020 9:00 AM, Judicial Officer: Bobay, Craig J |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Ridderheim, Elgerine Monique**
Plaintiff

Balance Due (as of 11/13/2020)
0.00

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 10/15/2020 | Transaction Assessment | 157.00 |
| 10/15/2020 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

2 of 2

11/13/2020, 3:56 PM



STATE OF INDIANA ) ALLEN SUPERIOR COURT
) SS:
COUNTY OF ALLEN ) CAUSE NO. 02D02-2010-CT-505

ELGERINE MONQUE RIDDERHEIM, )
    Plaintiff, )
)
vs. ) **ORDER SETTING CASE**
) **MANAGEMENT CONFERENCE**
PARKVIEW HEALTH SYSTEM )
INC., )
    Defendant. )

This cause has been assigned to Judge Craig J. Bobay.

**PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS ORDER SETTING CASE MANAGEMENT CONFERENCE ON DEFENDANT(S).**

The parties or their attorneys to this action are hereby directed to appear before Judge Bobay for a Case Management Conference on **December 21, 2020, at 9:00 a.m.,** to consider, among other matters:

    1. Appointment of a mediator and the scheduling of mediation;
    2. Venue and jurisdiction;
    3. Factual and legal contentions of the parties;
    4. Contested and stipulated facts and legal issues;
    5. Simplification of issues;
    6. The types of discovery, and discovery deadlines;
    7. Expert witnesses;
    8. Dispositive motions and issues, and setting the motions for hearing;
    9. Scheduling additional pre-trial conferences; and
    10. Jury requests/waiver.

The Court now Orders that absent a separate Order to the contrary, all pleadings, motions, and requests for relief shall be set for hearing at the

Case Management Conference.[1]

Each party must be represented at the Case Management Conference by the attorney who expects to try this case, who shall come with authority to agree upon a mediator, to stipulate issues and undisputed facts and, where possible, agree to the admission into evidence or waive any requirements for the formal proof of documentary evidence.

As a result of the Case Management Conference, the Court may limit the time to complete discovery or to file any pre-trial motions; set a date for any final pre-trial conference or other conference; and/or establish a schedule for the filing of any proposed pre-trial order, stipulations, or lists of witnesses and exhibits. The schedule established as a result of the Case Management Conference shall not be modified except by order of the Court upon a showing of good cause.

Due to the public health crisis associated with the COVID-19 virus, and consistent with the Administrative Rule 17 Orders of the Indiana Supreme Court, the Court now Orders:

1. The proceeding set in this case for December 21, 2020, shall be by telephonic appearance.

2. **Counsel shall attend the proceeding telephonically by making arrangements at least one (1) business day in advance of the scheduled hearing by calling CourtCall at 888-882-6878.**

3. **All unrepresented persons shall make arrangements for the telephonic appearance at least one (1) business day in advance of the proceeding by emailing the Court at trish.gratz@allensuperiorcourt.us or by calling the Court at 260-449-7646 to provide the telephone number at which the Court can reach the participant.**

4. A party's failure to make the arrangements for telephonic participation required above at paragraph 2 or 3 shall result in the Court conducting the proceeding without the participation of the party, and may result in default and other adverse consequences for that party.

---

[1] However, if the motion is otherwise subject to Ind. Trial Rule 53.1, absent waiver of the time limitation set out in the Rule, the Court shall rule upon the motion at the Case Management Conference.

October 20, 2020

_____
**JUDGE CRAIG J. BOBAY**