| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF ALLEN ) | | CAUSE NO._____ |

ELGERINE MONIQUE RIDDERHEIM, )
)
    Plaintiff, )
)
v. )
)
PARKVIEW HEALTH SYSTEM, INC., )
)
    Defendant. )

## COMPLAINT

COMES NOW Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Elgerene Ridderheim, a qualified black/African-American employee of the Defendant's at all material times to this Complaint.

2. The Defendant is Parkview Health System, Inc., d/b/a Parkview Hospital Inc., a/k/a Parkview Regional Medical Center ("PVMC"), a company doing business at 11109 Parkview Plaza Drive, Fort Wayne Indiana 46845. The Defendant's registered agent is David Storey, at 10501 Corporate Drive, Fort Wayne Indiana 46845. At all material times to this Complaint, the Defendant was an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

3. The Plaintiff filed a Charge of Discrimination on November 29, 2018, EEOC No. 24D-2019-00062/FEPA No. EO-0040-A19, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit A. The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on July 23, 2020, a copy of which is attached hereto and made a part hereof as Exhibit B. All administrative remedies have been

exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. The Plaintiff was employed by the Defendant from 2006, until her wrongful termination in approximately November 2018. She performed within the reasonable expectation of the employer at all material times to this Complaint. The Plaintiff worked for the Defendant as a Registered Nurse from 2011 to on or about August 12, 2018, then as a Family Nurse Practitioner under an employment contract, from August 13, 2018 until her the separation from employment.

5. By way of background: In 2013, the Plaintiff reported discriminatory and harassing behavior by her senior manager, who was a chief nursing officer at the time. At the time, the Plaintiff was subjected to repeated racial slurs such as being called "N-gger", a "black dumb ass", and by being told by the lead nurse was going to get the Plaintiff's "black ass out of here". The Plaintiff reported the discriminatory and harassing conduct to the Defendant, and informed the Defendant the Plaintiff would take her concerns to the EEOC. The senior manager in question was then demoted, and the Plaintiff no longer had to constantly work directly under her.

7. In 2017, the Plaintiff reasonably believed she was being singled out for workplace mistreatment because of her race and/or in retaliation for her 2013 complaint against her former senior manager. She was still periodically assigned to two work areas in the hospital where the former senior manager had continued involvement. While the Plaintiff worked on those units, the medical technicians and the nursing supervisor on those units, who were friends with the former senior manager, would not talk to the Plaintiff nor assist her with tasks, although they provided assistance to other the other nurses. Consequently, the Plaintiff informed her office manager she believed she was still being

discriminated against.

8. On abut August 13, 2018, the Plaintiff entered into an employment contract with the Defendant. The Defendant had led the Plaintiff to believe that she would be working primarily in an outpatient setting, which if true would not have typically required the Plaintiff to work over 45 hours per week, or 12-hour shifts. The new position began in September 2018, and was a full-time position.

9. Upon starting her new position, the Plaintiff discovered that she was the only black/African-American nurse practitioner in her work area.

10. She also soon discovered that she was started at a lower rate of pay than similarly situated Nurse Practitioners who were outside of her race, and/or who had never complained of race discrimination or racial harassment. The Plaintiff was paid on a 40-hour salary tier, whereas the non- black/non-African American nurse practitioners were paid on an hourly tier, which provided them an overall increased amount of pay that what the Plaintiff was given for doing the same or more work.

11. In September 2018, the Plaintiff protested the unequal pay. She also informed the Defendant that she was being discriminated against because of her race.

12. In the nurse practitioner position, the Plaintiff was also treated less favorably and more harshly than similarly situated nurse practitioners outside of her race, and those who had not complained of racial discrimination, harassment and/ or unlawful retaliation. For example:

   a. The Plaintiff received very little training for her new position, and she was not given an orientation packet when she started as a Family Nurse Practitioner. She requested additional training, to no avail. Meanwhile, by information and belief, the similarly situated nurse practitioners received substantially more training for their positions, and orientation packets to assist them;

    b.    The Plaintiff was assigned the heavier workloads, often with some of the highest risk patients who were the most labor-intensive patients, unlike the similarly situated nurse practitioners, who were usually assigned to work with the less labor-intensive patients;

    c.    Unlike the Plaintiff, the similarly situated nurse practitioners were also assigned to work areas and patients that fell within their specialties, and were assigned jobs within their job descriptions, while the Plaintiff was frequently assigned to areas and patients outside of her specialty, and duties that were outside of her job description;

    d.    The Plaintiff was made to work 5 days per week, and on multiple occasions, assigned to work 12 hours or more in a shift, which was unlike the similarly situated nurse practitioners who were permitted to work only 4 days per week and/or did not have to work 12-hour shifts.

13. While in the nurse practitioner position, the Plaintiff was furthermore subjected to racially offensive comments by one of her superiors. The Plaintiff was told "we don't normally have to work with blacks", "we don't usually have black NP's", and "it used to be [that] the whites kept to themselves and the blacks kept to themselves. You would do better in family practice than with *us*. This job isn't for people like *you*" (that is, a black employee).

14. In October 2018, Plaintiff reported to the Defendant that she was being retaliated against by the Defendant for her prior protests against discrimination and/or harassment.

15. Plaintiff's supervisor met multiple times with the Plaintiff leading up to her separation from employment, and eventually claimed there were multiple complaints that the Plaintiff was "incompetent". The alleged complaints, if they even existed, were false, harassing, and unjustified. The Plaintiff furthermore contends the Defendant knew that the Plaintiff's performance was and continued to be within the employer's reasonable expectations.

16. In November 2018, the Defendant told the Plaintiff she would be discharged from her employment, regardless of what the Plaintiff did, and it ended the Complainant's

employment, although the Plaintiff had not breached her employment contract.

17. The Plaintiff contends that Defendant did not end the employment contracts it had with similarly situated non-black/non-African American nurse practitioner's or those that had not complained of unlawful discrimination, harassment and/or retaliation.

18. The Plaintiff contends that she was discriminated against, harassed, and/or retaliated against by the Defendant on the basis of her color/race (black/African-American) and/or for objecting to unlawful discriminatory, harassing and/or retaliatory conduct.

19. The complained of conduct of the Defendant was the direct and proximate cause of the Plaintiff suffering the wrongful loss her job and job-related benefits including income, and subjected the Plaintiff also to inconvenience, mental anguish, emotional distress and other damages and injuries, in violation of the Plaintiff's federally protected rights under Title VII and § 1981.

20. The complained of unlawful, discriminatory, harassing and/or retaliatory conduct of the Defendant was intentional, knowing, willful, wanton and in reckless disregard of the Plaintiff's federally protected rights under Title VII and § 1981.

WHEREFORE, Plaintiff, by counsel respectfully requests judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney fees and costs and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

## VERIFICATION

I affirm under penalties for perjury that the above and foregoing representations are true and accurate and based upon my personal knowledge.

10·15·2020
Dated

E. Monique Ridderheim

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:   cmyers@myers-law.com
Counsel for Plaintiff

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | EO-0040-A19 24D-2019-00062 |

City of Fort Wayne Metro Human Relations Commission and EEOC
*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.): Elgerene M. Ridderheim
**Home Phone** (Incl. Area Code): (260) 619-3168
**Date of Birth**:

**Street Address**: 2719 Misty Oaks Trail, Fort Wayne, IN 46845

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: PARKVIEW REGIONAL MEDICAL CENTER
**No. Employees, Members**: Unknown
**Phone No.**:

**Street Address**: 11109 Parkview Plaza Dr, Fort Wayne, IN 46845

**DISCRIMINATION BASED ON**: [X] RACE  [X] RETALIATION

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 09-19-2018
Latest: 11-14-2018

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified black individual who was employed by Parkview Regional Medical Center ("PRMC"). In 2013, I reported discriminatory behavior by a senior manager. In September 2018, I began a new position where I worked closely with associates of that manager. Upon starting this role, I noticed that I was the only black employee amongst my peer group. I was paid the least of all my peers by a significant margin, yet assigned the heaviest workload. On multiple occasions, I worked twelve (12) or more hours, even though my contract stated I would work eight (8) hours per day. My assignments were not in line with the job description. I received very little training, even after I requested it. Nonetheless, I remained engaged and asked for guidance on how to be more successful in my role. In November 2018, I was told that my employment was in jeopardy and I would ultimately be terminated no matter how much I improved. With that in mind, I felt that I had no choice but to accept a severance package and resign my employment.

For these reasons, I believe I have been discriminated against on the basis of my race, harassed in retaliation, constructively discharged, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended and Fort Wayne Ordinance G-21-78, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Nov 29, 2018
*Date* — *Charging Party Signature* E. Ridderheim

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Ex. A.

EEOC Form 161 (11/16)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Elgerene M. Ridderheim<br>2719 Misty Oaks Trail<br>Fort Wayne, IN 46845 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ]     *On behalf of person(s) aggrieved whose identity is*
        *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24D-2019-00062 | **Jeremy A. Sells,**<br>**State & Local Coordinator** | (463) 999-1161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele*                        July 23, 2020

Enclosures(s)       **Michelle Eisele,**         *(Date Mailed)*
               **District Director**

cc:
| Marie M. Kolp<br>Corporate Legal Counsel<br>**PARKVIEW HEALTH SYSTEM, INC**<br>10501 Corporate Drive<br>Fort Wayne, IN 46845 | Christopher C. Myers<br>**CHRISTOPHER C. MYERS & ASSOCIATES**<br>809 South Calhoun Street, Suite 400<br>Fort Wayne, IN 46802 |
|---|---|

Ex. B